UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

                v.                                      **MEMORANDUM & ORDER**
                                                          18-CR-195 (WFK)

ALSON LYNCH,

                          Defendant.
------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**

On May 31, 2018, Alson Lynch pled guilty to Count One of the Misdemeanor Information. The Court now sentences him and provides a complete statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) of those factors set forth by Congress and contained in 18 U.S.C. § 3553(a). For the reasons discussed below, Alson Lynch is hereby sentenced to 2 years of probation with mandatory conditions and special conditions as outlined by the Probation Sentencing Recommendation, ECF No. 11-1, a $5,000.00 fine, and a $25.00 special assessment.

## BACKGROUND

On May 31, 2018, the United States filed a 1-count Misdemeanor Information against Alson Lynch ("Defendant"). *See* Misdemeanor Information, ECF No. 8. On May 31, 2018, Defendant pled guilty to Count One of the Misdemeanor Information, charging Illegal Import of Fish and Wildlife in violation of 16 U.S.C. §§ 3372(a)(1) and 3373(d)(2), for the act of knowingly and intentionally importing 13 seed finches that had been taken, possessed, transported and sold in violation of 50 C.F.R. § 14.61. There was no written plea agreement.

The Court hereby sentences Defendant and sets forth its reasons for Defendant's sentence using the rubric of the 18 U.S.C. § 3553(a) factors pursuant to 18 U.S.C. § 3553(c)(2).

# DISCUSSION

## I. Legal Standard

18 U.S.C. § 3553 outlines the procedures for imposing sentence in a criminal case. The "starting point and the initial benchmark" in evaluating a criminal sentence is the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 49 (2007). If and when a district court chooses to impose a sentence outside of the Sentencing Guidelines range, the court "shall state in open court the reasons for its imposition of the particular sentence, and . . . the specific reason for the imposition of a sentence different from that described" in the Guidelines. 18 U.S.C. § 3553(c)(2). The court must also "state[] with specificity" its reasons for so departing "in a statement of reasons form[.]" *Id.*

"The sentencing court's written statement of reasons shall be a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Davis*, 08-CR-0332, 2010 WL 1221709, at *1 (E.D.N.Y. Mar. 29, 2010) (Weinstein, J.). Section 3553(a) provides a set of seven factors for the Court to consider in determining what sentence to impose on a criminal defendant. The Court addresses each in turn.

## II. Analysis

### A. The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant

The first § 3553(a) factor requires the Court to evaluate "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

Defendant, now 57 years old, was born on July 10, 1962 in Trinidad and Tobago. Presentence Investigation Report ("PSR") ¶ 29, ECF No. 11. He is one of six children born to

2

the marital union of Randolph Lynch and Esther Lynch (née Kydd). *Id.* ¶¶ 29, 30. Defendant's father passed away in 2011 at age 75, due to renal failure. *Id.* ¶ 29. Defendant's mother passed away in 2012, six months after Defendant's father, while in the United States visiting Defendant and his siblings. *Id.*

Defendant has four full living siblings and one deceased full sibling. *Id.* ¶ 30. Defendant's eldest sister resides in Long Island and is married and employed as an accountant. *Id.* Defendant's eldest brother lives in Georgia and is married with three children and employed by the Georgia Environmental Protection Division. *Id.* Defendant's younger brother resides in Long Island and is married with one child and is employed as a plumber. *Id.* Defendant's younger sister resides in Queens and is married with two children and is employed as a manager of a facility caring for disabled children. *Id.* All of Defendant's living siblings are aware of the instant offense and remain supportive. *Id.*

Defendant entered the United States in August 1989 with a valid student visa. *Id.* ¶ 32. Defendant became a naturalized citizen as of January 21, 2004. *Id.*

Defendant has been married four times and has been married to Chantelle Lynch (née Williams) since November 30, 2015. *Id.* ¶¶ 33–36. Defendant and his wife currently reside in Georgia with Defendant's two step children, ages 9 and 4. *Id.* ¶ 36. Defendant's step children are enrolled in school and are healthy. *Id.* Defendant's wife, Chantelle Lynch, describes him as a loving person and a God-fearing man who is a hard worker and devoted stepfather. *Id.* ¶ 37. Defendant also has three adult children from his first marriage who live in Brooklyn. *Id.* ¶ 34. After Defendant's first divorce, his biological children resided with him for seven years until their mother petitioned the court and was granted custody. *Id.* Defendant has maintained daily contact with his biological children and has financially supported them. *Id.*

In a letter to the Court, Defendant stresses, "I grew up in a Christian home and my siblings and I were taught to do what is right. I have tried to instill these same values in my kids." Def. Sentencing Mem. ("Def. Mem.") Ex. 1 at 1, ECF No. 16.

Defendant was raised under average economic circumstances. PSR ¶ 31. After moving to the United States in 1989, he lived in Huntsville, Alabama until 1993, New York City from 1993 to 2007, Georgia from 2007 to 2009, New York City again from 2009 to 2017, and in Georgia since 2017. *Id.* ¶ 32.

Defendant resided in Georgia with his wife and two step-children, in a house owned by Defendant, at the time of the instant arrest. *Id.* ¶¶ 32, 36. Defendant is currently out on bond and residing at his home in Georgia. *Id.* ¶ 41. Defendant is a lover of birds, which he has collected since a young age. Def. Mem. Ex. 1 at 1; PSR ¶ 37.

Defendant was physically healthy, other than pre-diabetes and high cholesterol, until May 31, 2019 when he was hospitalized for a heart attack. PSR ¶ 39; Addendum to the PSR, ECF No. 12. On June 5, 2019, Defendant underwent open heart with triple bypass surgery. Addendum to the PSR, ECF No. 12. He was discharged on June 9, 2019 with a formal diagnosis of coronary artery disease. *Id.* He has been prescribed two medications for his conditions. *Id.*

Defendant has no history of substance abuse issues and does not consume alcohol for religious reasons. PSR ¶ 41.

Defendant has earned two associate degrees. *Id.* ¶ 42. He earned an associate degree in business administration in 1983 from the Caribbean Union College in Trinidad and Tobago and an associate degree in nursing from Oakwood University in Huntsville, Alabama. *Id.* As of May 1, 2019, the Defendant was enrolled in a part-time program to earn a Bachelor of Science in nursing. *Id.* The Defendant is a licensed registered nurse in New York and Georgia and his

4

licenses in both states are active and unencumbered. *Id.* ¶ 43. The state licensing boards have not been notified of the present case and Defendant is uncertain what impact the conviction may have on his licensing. *Id.*

Defendant has been consistently employed as a nurse since he finished school. *Id.* ¶¶ 44–49. Currently, he is employed as a nurse at Emory Decatur Hospital in Decatur, Georgia, where he has worked since June of 2017. *Id.* ¶ 44. Defendant's tax returns indicate his adjusted gross income in 2017 was $141,186.00. *Id.* ¶ 50. Probation indicates Defendant is able to pay a fine. *Id.* ¶ 54.

Defendant has no criminal history either as a juvenile or as an adult. *Id.* ¶¶ 22–23.

### B. The Need for the Sentence Imposed

The second § 3553(a) factor instructs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

As for the instant offense, after arriving at John F. Kennedy Airport on a flight from Georgetown, Guyana, Defendant was found with 13 finches concealed in the pockets of his coat. PSR ¶ 4. Defendant had never applied nor received a permit authorizing the importation of birds into the United States. *Id.* On his United States Customs and Border Protection ("CBP") declaration, Defendant stated he was entering without any wildlife. *Id.* Birds being brought into the United States are typically subject to a 30-day quarantine to avoid the spread of possible disease. *Id.* ¶ 6.

Defendant indicated to special agents of the United States Fish and Wildlife Service ("USFWS") he had purchased the birds with the intent of adding them to his personal collection. *Id.* ¶ 5. Defendant also stated to USFWS he had intended to take the birds to "Smokey Park" prior to returning home to Georgia. *Id.* Probation has indicated that "Smokey Park" was likely a reference to Smokey Oval Park in Queens, where finches are regularly traded and purchased and where finch singing competitions are held. *Id.* Probation estimates the value of the 13 finches to be $13,000 in the New York City area. *Id.* ¶ 6. Defendant denies having imported the finches for any pecuniary gain. Def. Mem. at 2.

### B. The Kinds of Sentences Available

The third § 3553(a) factor requires the Court to detail "the kinds of sentences available" for Defendant. 18 U.S.C. § 3553(a)(3).

Defendant pled guilty to Count One of the Misdemeanor Information, which charged Illegal Import of Fish and Wildlife in violation of 16 U.S.C. §§ 3372(a)(1) and 3373(d)(2).

Defendant faces a maximum term of imprisonment of one year. *See* 16 U.S.C. § 3373(d)(2). Defendant also faces a maximum term of supervised release of one year, 18 U.S.C. § 3583(b)(3); a maximum fine of $100,000.00, § 3571(b)(5); and a special assessment of $25.00, § 3013(a)(1)(A)(iii). Defendant is eligible for up to five years' probation because he pled guilty to a Class A misdemeanor. *Id.* § 3561(c)(2).

### C. The Kinds of Sentence and the Sentencing Range Established for Defendant's Offenses

The fourth § 3553(a) factor requires the Court to discuss "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines[.]" 18 U.S.C. § 3553(a)(4)(A).

The parties dispute the Guidelines range calculation applicable to Defendant in that they dispute Defendant's offense level.

According to all parties, the appropriate Guideline for the offense, 16 U.S.C. § 3372, is United States Sentencing Guideline ("USSG") § 2Q2.1, which applies to offenses involving fish, wildlife, and plants. PSR ¶ 11. All parties agree the base offense level under USSG § 2Q2.1 is 6. Probation and the Government argue the adjusted offense level applicable to Defendant is 10. Defendant disagrees. Defendant takes the position the correct adjusted level is 6.

Probation and the Government add 2 points to adjust the offense level, stating the offense was committed for pecuniary gain, USSG § 2Q2.1(b)(1), an additional 2 points, stating the offense involved wildlife that were not quarantined as required by law, USSG § 2Q2.1(b)(2), and 2 further points, stating the market value of the wildlife exceeded $6,500 but was less than $15,000, USSG 2Q2.1(b)(3) with reference to USSG § 2B1.1. This renders a combined offense level of 12. *Id.* ¶ 18; Gov't Sentencing Mem. ("Gov't Mem.") at 2, ECF No. 13. Probation and the Government also believe a two-point reduction for acceptance of responsibility pursuant to USSG § 3E1.1(a) is warranted, providing a total Adjusted Offense Level of 10. PSR ¶ 21; Gov't Mem. at 2.

Defendant argues the offense level should be increased by 2—not 6—pursuant to USSG § 2Q2.1(b)(2), because the finches were not quarantined as required by law. Def. Mem. at 2. Defendant takes the position the finches were for his personal collection and not for sale, so the offense was not committed for pecuniary gain, *cf.* USSG § 2Q2.1(b)(1), and the market value of the finches should be $0.00, *cf.* USSG 2Q2.1(b)(3). Def. Mem. at 2. Defendant agrees a two-point reduction for acceptance of responsibility is warranted under to USSG § 3E1.1(a), providing a total Adjusted Offense Level of 6. Def. Mem. at 2.

7

Under Defendant's calculation of an Offense Level of 6 and a Criminal History Category of I, the Guidelines recommend a term of incarceration of between 0 and 6 months. The Guidelines further recommend a term of supervised release of one year, USSG § 5D1.2(a)(3), and a fine between $1,000.00 and $9,500.00, *id.* § 5E1.2(c)(3). If probation is imposed, the Guidelines would recommend a term of at least one year but not more than five years with no requirement of confinement. *Id.* §§ 5B1.1, 5B1.2. Defendant requests a sentence of "conditional discharge," which is not available in this action under Federal Law. Def. Mem. at 4–5; 18 U.S.C. § 3551(b).

Under Probation and the Government's calculation of an Offense Level of 10 and a Criminal History Category of I, the Guidelines recommend a term of incarceration of between 6 and 12 months with a term of supervised release of one year, USSG § 5D1.2(a)(3), or probation of at least one year but not more than five years with a condition of confinement. The Guidelines further recommend a fine between $4,000.00 and $40,000.00, *id.* §§ 5E1.2(c)(3).

The Government recommends a term of imprisonment within the Guidelines range of 6 to 12 months. Gov't Mem. at 2–3.

Probation recommends a term of probation of 2 years, with special conditions and a fine of $1,000.00. Probation Sentence Recommendation at 1, ECF No. 11-1.

The Court agrees with Probation and the Government, the appropriate total Offense Level is 10. The market value of the finches was greater than $6,500.00 but less than $15,000.00, requiring a 2-point increase in the Adjusted Offense Level pursuant to USSG § 2Q2.1(b)(3) with reference to USSG § 2B1.1. An additional 2-point increase is warranted pursuant to USSG § 2Q2.1(b)(2) because the finches were not quarantined as required by law. A further 2-point increase is warranted under USSG § 2Q2.1(b)(1) because the offense was for pecuniary gain.

8

PSR ¶ 5. A two-point reduction for acceptance of responsibility is warranted under to USSG § 3E1.1(a), providing a total Adjusted Offense Level of 10. The Guidelines recommend with total Offense Level of 10 yields a term of incarceration of between 6 and 12 months with a term of supervised release of one year, USSG § 5D1.2(a)(3), or probation of at least one year but not more than five years with a condition of confinement. The Guidelines further recommend a fine between $4,000.00 and $40,000.00, *id.* §§ 5E1.2(c)(3).

### D. Pertinent Policy Statement(s) of the Sentencing Commission

The fifth § 3553(a) factor, requiring the Court to evaluate "any pertinent policy statement . . . issued by the Sentencing Commission," 18 U.S.C. § 3553(a)(5), is not pertinent to Defendant's sentencing.

### E. The Need to Avoid Unwarranted Sentence Disparities

The sixth § 3553(a) factor requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). For the reasons stated in this Memorandum and Order, and considering the other six § 3553(a) factors, the Court's sentence avoids unwarranted sentence disparities.

### F. The Need to Provide Restitution

Lastly, the seventh § 3553(a) factor, requiring the Court to touch upon "the need to provide restitution to any victims of the offense," 18 U.S.C. § 3553(a)(7), is not applicable in Defendant's case, *see id.* § 3663.

## CONCLUSION

A sentence of 2 years of probation with mandatory conditions, pursuant to 18 U.S.C. § 3563(a), and special conditions, as outlined by the Probation Sentencing Recommendation, a

$5,000.00 fine, and a $25.00 special assessment is appropriate and comports with the dictates of § 3553. This sentence is consistent with, and is sufficient but no greater than necessary to accomplish, the purposes of § 3553(a)(2).

The Court expressly adopts the factual findings of the Presentence Investigation Report, barring any errors contained therein.

**SO ORDERED.**

s/WFK
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: January 30, 2020
      Brooklyn, New York